**STONE, Plaintiff, v. WOODS, Admr., etc. et, Defendants.**

Common Pleas Court, Franklin County.

No. 196902.   Decided March 1, 1957.

McClelland & McClelland, Columbus, for plaintiff.
Levinson & Feitlinger, Columbus, for defendants.

## OPINION

By BARTLETT, J.

1. THE DEMURRER TO THE FIRST CAUSE OF ACTION IN THE PETITION IS SUSTAINED, AND THE DEFENDANTS LEVINSON AND FEITLINGER ARE DISMISSED AS SUCH PARTIES.

2. THE COURT, SUA SPONTE, ORDERS THE ACTION ABOVE NAMED SHALL BE CONSOLIDATED WITH, AND SHALL PROCEED HEREAFTER UNDER THE TITLE OF THE ACTION, DESIGNATED AS CASE NO. 196,378, DOCKETS OF THIS COURT.

This is an action to have certain money and bonds in the alleged possession of the defendant administrator, declared to be the property of the plaintiff and ordered returned to him as the owner thereof. The petition recites that currency amounting to $41,510.00 was buried by the plaintiff for safekeeping in the back yard of his brother-in-law Earl Woods and with the knowledge of said Woods; that thereafter said Woods removed said currency from its burial place, delivered the currency to himself as administrator of the estate of his deceased wife, Fanny Stone Woods, sister of the plaintiff, listed said currency in his inventory as assets of said estate, "deposited said money in a checking account in the Northern Savings Bank, Columbus, Ohio, in his own name as administrator of the Estate of Fanny Stone Woods;" and the petition avers that "all of said acts of Earl Woods were fraudulent and were done for the purpose of defrauding this plaintiff, * * *."

Plaintiff further avers that thereafter said defendant administrator filed an application for the allowance of attorney fees for services rendered him as said administrator, that the Probate Judge ordered that attorney fees in the amount of $5000.00 be allowed, "out of the assets of said estate"; and that said sum was paid, "from said administrator's account in Northern Savings Bank," to the defendant Levinson and Feitlinger as attorneys for said administrator.

The prayer of the petition requests that the defendant administrator and the defendants Levinson and Feitlinger be ordered to restore said $5000.00 to the said fund.

The defendants Levinson and Feitlinger have demurred to the first cause of action in the petition for the following reasons:

1. The petition does not state facts which show a cause of action.

2. This court has not jurisdiction.

3. The plaintiff cannot collaterally attack the judgment or orders of the Probate Court of this county.

This Court is constrained to the opinion that the petition does not disclose the $5000.00 attorney fee was necessarily paid from money claimed

by the plaintiff. In fact, the order of the Probate Court was that such fees be allowed, "out of the assets of said estate." The petition states the money in question was deposited in "a checking account in the Northern Savings Bank," and "listed * * * as assets of the Estate of Fanny Stone Woods." The petition lends support to the inference that there were other assets in the estate but makes no disclosure as to their nature or amount.

Then, too, the petition claims that the possession of said money by Earl Woods was unlawful and fraudulent, and yet this Court is requested to order certain money returned to said fund in his possession.

The plaintiff is a stranger to the administration proceeding in the Probate Court. The petition does not disclose that the plaintiff has filed any exception to the allowance of such attorney fees in the court that ordered the fees paid. No fraud or collusion is charged against the attorneys.

"1. Probate court could open up and reconsider accounts of executor previously adjudicated in partial account (§10835 GC).

"2. Statute permitting appeal from judgment of probate court in settling accounts of executor or trustee is remedial and must be liberally construed (§11206 GC).

"3. Surety of trustee could appeal from finding of probate court that error had been made in previous account approved by court (§11206 GC). "* * *

"5. It could not be presumed that fraud was perpetrated against surety in probate court in opening up trustee's final account.

"6. Judgments are binding upon parties and those in privity with them.

"7. Absent fraud or collusion, surety in action against it on bond held bound by decision of probate court in settlement of trustee's final account." **The United States Fidelity & Guaranty Co. of Baltimore v. Wood, Admr., 35 Oh Ap 224.** Motion to certify overruled March 26, 1930

On p. 231 of the Woods case, Sherick, J., says

"It is well settled that judgments are binding upon parties and those in privity with them; and the final settlement of an executor's or trustee's accounts, and the determination by the probate court of the amount due, in the absence of fraud and collusion, conclude a surety in an action against it upon the bond; and this is right in reason and in law. By its bond the company contracted that Kingman would faithfully keep his trust, and that upon a breach thereof it would make restitution, and there being no fraud or collusion proved in this action the company is bound by the finding of the probate court, which equals the solemnity of a judgment, and this the plaintiff in error cannot collaterally attack even though it was not a party to the settlement or had no notice of it. The principle is supported by the holdings in **Braiden v. Mercer, 44 Oh St 339,** 7 N. E., 155; **Slagle v. Entrekin, 44 Oh St 637,** 10 N. E., 675, and **Garver v. Tisinger, 46 Oh St 56,** 18 N. E., 491, and is well stated in Stearns on Suretyship (3d Ed.), Section 221."

"1. Where the administrator of an estate, is required by the probate court to file an account of the expenses of his administration, preparatory

to his stating a final account, and does so, which expense account includes an amount due his attorney for services rendered in the settlement of the estate, and for necessary expenses paid by him in discharge of his duties as such attorney, and said account, on hearing by that court, is approved and allowed, and the administrator is ordered by the court to pay to said attorney the sum so found due him out of the assets of the estate in his hands for distribution, a failure to comply with such order is a breach of the administration bond for which the surety thereon is liable. **Thomas, Admx., v. Moore, 52 Oh St 200,** distinguished." **Smith v. Rhodes and Wilt, 68 Oh St 500.**

"3. The amount of such fees may be included as an item in the settlement-account of the executor or administrator; or an application upon due and legal notice to all parties in interest may be made to the probate court to allow the claim and fix the amount thereof.

"4. Any person affected by order of the court with reference to any such item or application may, by the provisions of §11206 GC, appeal therefrom to the court of common pleas." **Trumpler, Admr. de bonis non, etc., et al. v. Royer et al., 95 Oh St 194.**

The demurrer is, therefore, sustained to the first cause of action of the petition, since it does not state facts which show a cause of action against the defendants Levinson and Feitlinger; and for the further reason that this Court does not have jurisdiction to determine the claim asserted against the aforesaid defendants. The Probate Court, under the Constitution and by statute, has plenary jurisdiction in the settlement of estates, particularly in the settlement of the accounts of executors and administrators; and any person affected by any order, decision, or judgment of that court in the settling of such accounts, under §2101.42 R. C., has the right of appeal to the Court of Appeals. In any event, any remedy that the plaintiff may be entitled to, must be asserted against the defendant administrator of said estate. The defendants Levinson and Feitlinger are, therefore, dismissed as parties.

The fact that a judgment is not subject to collateral attack does not afford the basis for a demurrer to the petition, and consequently the third reason assigned for such demurrer herein is overruled.

In case No. 196,378, dockets of this court, the plaintiff asserts the same rights against Earl Woods individually that are claimed against him as administrator in the instant case. No useful purpose will be served by continuing these cases as separate actions. They should be consolidated.

Courts of general jurisdiction have inherent power, independtnt of the statute, to order consolidation of pending actions, and have exercised this power with considerable freedom in the interests of the parties and of the public. It may be done by the Court on its own motion. 1 Am. Jur. Actions, Sec. 92, p. 476. Such consolidation is always regarded with favor and never denied when it is clear that the issues are identical, and that where the answer to one outstanding question is determinative of both actions, the duty of the Court to consolidate the action is clear, if not mandatory. Such consolidation is not limited to identity of parties, the purpose of such consolidation being convenience of trial, avoiding multiplicity of actions, and the savings of costs. **Taylor v. Standard**

Brick Co., et al., 66 Oh St 360; 1 O. Jur. (2d) Actions, Sec. 78, p. 362.

The instant case is ordered consolidated with and should proceed under Case No. 196,378, dockets of this court. Entry accordingly, including the ruling on the demurrer, with exceptions by respective counsel.